578 A.2d 486

**COMMONWEALTH of Pennsylvania**

**v.**

**Gerald N. PENROD, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1989.

Filed July 25, 1990.

222

224

Julianne M. Keri, Somerset, for appellant.

Jerry L. Spangler, Asst. Dist. Atty., Sommerset, for Com., appellee.

Before CAVANAUGH, WIEAND and KELLY, JJ.

KELLY, Judge:

In this case we are called upon to determine whether the trial court abused its discretion in sentencing appellant on his second drunk driving conviction by permitting restitution for losses caused by the post-accident criminal conduct of an unknown third party, by using his prior conviction to determine the mandatory minimum and as an aggravating factor, by considering facts not of record, and by admitting and considering allegedly inflammatory victim impact evidence. The restitution claim was not properly preserved for appeal. We grant allowance of discretionary aspects of sentence on the remaining claims. Nonetheless, we find no abuse of discretion and affirm judgment of sentence.

*Facts and Procedural History*

On May 22, 1987, appellant, Gerald N. Penrod, was arrested for drunk driving. Because it was his first offense, and because no accident had been involved, the prosecutor acquiesced in his request for ARD. The request was granted August 11, 1987.

On December 26, 1987, prior to the completion of ARD on his first offense, appellant committed a second drunk driving offense. This time a serious accident was involved. The investigating officer detected signs of intoxication, arrested appellant, and transported him to the hospital where a blood alcohol test was conducted. Appellant registered a .371 BAC, which was between three and four times the legal limit of .10 BAC. Appellant was also cited for reckless driving, and driving left of center.

On March 7, 1988, appellant pled guilty to a charge of driving under the influence of alcohol. All other charges arising from appellant's second offense were nol prossed. We note that the guilty plea colloquy specifically included an acknowledgement by appellant that he had a .371 BAC. (N.T. 3/7/88 at 1–2).

On April 4, 1988, the Commonwealth filed a petition to terminate appellant's ARD and reinstate the charges relating to the first drunk driving offense. Following a hearing on June 1, 1988, appellant's ARD was terminated and the prior charge was reinstated. On August 1, 1988, appellant pled guilty to driving under the influence with regard to that charge.

A Pre-Sentence Investigation Report was complied in this case and is dated August 13, 1988. The report contains appellant's versions of both drunk driving incidents and other relevant information as detailed below.

Appellant's versions of the two drunk driving incidents were as follows. The first incident arose when the corner of his car caught the corner of the car in front of him as he tried to exit a parking space. The police happened on the

scene, detected signs of intoxication in appellant and arrested appellant for drunk driving.

Appellant claimed that on the night of the second incident he had only had four beers and that he believed his BAC was as high as had been detected in the blood test because he had been intoxicated the. night before. He admitted, however, that he had briefly blacked out at the wheel, that he "came to" with headlights coming toward him, that he swerved to avoid the oncoming car but that they struck broadside, and that his car rolled over two or three times. He avowed that he was dizzy, rather than drunk, when the officers saw him stagger.

On the subject of remorse, the PSI Report indicates that appellant claimed to have attempted to contact one of the victims, Scott Henry, at the hospital, but that Scott did not want to talk with him. The probation officer noted that appellant had explained that the only reason he had done so was because he had been told that it was the right thing to do, and that appellant's concern for the victim's injuries did not appear to the probation officer to be genuine.

The PSI Report further notes that despite these two drunk driving incidents, appellant still insisted that he did not have an alcohol problem. However, the PSI Report also contains separate professional dependence evaluations dated June 29, 1987 and March 2, 1988, which both concluded that *in*patient treatment for alcohol dependency was required.

The economic issues were also addressed in the PSI Report. The PSI Report contained victim's statements and summaries of the victim's injuries and restitution requests. The PSI Report also contained appellant's social history including his employment and income records.

Sentencing occurred on June 29, 1989. Testimony was presented by the parents of the victims of appellant's second offense, and various photographs depicting the scene of the accident and the injuries suffered by the victims were identified and admitted into evidence. Counsel for both

sides provided narrative arguments, and then sentence was imposed by the trial court.

On the charge relating to the first incident, appellant was sentenced to a term of 48 hours to 12 months imprisonment and a consecutive term of 4 months to 23 months on the charge arising from the second incident. The trial court further ordered appellant to pay restitution to Cathy and Shjon Rasponick in the amount of $135.00, and to Richard Henry in the amount of $400.00. Medical expenses were being covered by insurance, and were not included in the restitution ordered.

An application for deferment of sentence or for release on bail pending appeal was made by counsel for appellant and opposed by the Commonwealth. The trial court denied the application except to set the date for commencement of sentence at July 5, 1989, after the July Fourth holiday.

A petition for conditional work release was filed July 7, 1987. The Commonwealth and the Probation Department concurred in the petition. The trial court granted the petition July 7, 1989.

A motion for modification of sentence was filed July 10, 1989. The trial court denied the motion. This timely appeal followed.

On appeal, appellant contends that the restitution award was improper, the trial court improperly used appellant's prior conviction as an aggravating factor, the trial court improperly considered facts not of record, and victim impact statements were prejudicial and inflammatory and should not have been admitted. Each of these contentions is addressed to the discretionary aspects of sentencing.

In order to properly preserve an issue for review of the discretionary aspects of sentence four things are required. *Commonwealth v. Blair*, 394 Pa.Super. 207, ——, 575 A.2d 593, 600 (1990). First, the issue must be specifically preserved in a timely motion for modification of sentence pursuant to Pa.R.Crim.P. 1410. *Commonwealth v. Smith*, 386 Pa.Super. 626, 563 A.2d 905 (1989). If a timely motion

to modify was filed and denied, appellant must still file timely notice of appeal, set forth the issue(s) to be raised on appeal in the statement of questions presented, and set forth a concise statement of reasons for allowance of appeal demonstrating a substantial question that the sentence imposed was not appropriate under the Sentencing Code. *See Commonwealth v. Gambal*, 522 Pa. 280, 561 A.2d 710 (1989); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

 Review of appellant's motion for modification of sentence discloses that all grounds raised on appeal were properly preserved except the challenge to the restitution order. A boiler-plate assertion that, "the amount of restitution ordered was improper," preserves no specific issue for review as it fails entirely to specify the grounds upon which the conclusion that the amounts were improper was made. While such motions ought not be prolix, undue brevity must also be avoided in order to ensure consideration of the specific issue to be appealed in the trial court before it is asserted on appeal. *See* Pa.R.Crim.P. 1410.[1]

 While appellant has included each of his remaining contentions to be raised on appeal in his statement of questions presented, he has not included a Pa.R.A.P. 2119(f) statement as required. However, because the Commonwealth has not objected to the absence of the Pa.R.A.P. 2119(f) statement, this Court, *in its sound discretion*, may quash the appeal, waive the defect, or direct compliance in the form of a supplemental Pa.R.A.P. 2119(f) statement. *See Commonwealth v. Gambal, supra*, 561 A.2d at 713–14; *Commonwealth v. Douglas*, 370 Pa.Super. 104, 106, 535 A.2d 1172, 1173 (1988); *id.*, 535 A.2d at 1177 (Kelly, J.,

---

1. We note that had appellant not caused the serious accident involved in his second offense, the tapes stolen from the demolished car after the accident would not have been lost to the victim. Given this "but for" causation and the proximateness in time from the accident to the theft, we would find no abuse of discretion in the trial court's restitution order. We note further that the PSI Report contained a sufficient work history to sustain a conclusion that appellant could afford, with reasonable sacrifice, to pay the relatively modest restitution ordered.

concurring); *Commonwealth v. Zeitlen,* 366 Pa.Super. 78, 80, 530 A.2d 900, 901 (1987); *id.,* 530 A.2d at 903 (Kelly, J., concurring).

We elect to waive the defect. Moreover, we find that appellant has framed three substantial questions which warrant allowance of appeal: was a prior ARD given improper weight as an aggravating factor when it was already considered in determining the applicable mandatory minimum sentence; did the sentencing court consider particular facts not of record in imposing sentence; and, were prejudicial and inflamatory live and written statements from the victims and their parents improperly considered. We find these contentions require more than cursory review to resolve; consequently, we grant allowance of appeal. *Cf. Commonwealth v. Darden,* 366 Pa.Super. 597, 531 A.2d 1144, at 1147–48 (1987) (where cursory review reveals the absence of any factual basis for the claim allowance of appeal may be denied).

Appellant contends that the trial court erred in treating his prior ARD as an aggravating circumstance when it had already been considered in grading the offense. We cannot agree.

The fact that appellant had a prior conviction for drunk driving *was a necessary fact* in the determination of the prior record score and the applicable mandatory minimum sentence. However, the fact that appellant was still on ARD from the prior offense when the second offense was committed *was not a necessary fact;* and so, it could properly be considered as an aggravating factor. *See supra, Commonwealth v. Darden,* 531 A.2d at 1148–49; *see also Commonwealth v. Chilquist,* 378 Pa.Super. 55, 58 n. 1, 548 A.2d 272, 274 n. 1 (1988). The fact that the prior drunk driving offense was *recent,* rather than *remote,* may properly be deemed to give rise to an inference of intransigence, rather than mere relapse following sincere attempts to reform. Consequently, *prompt* recidivism is an appropriate aggravating factor to consider in sentencing. Of course, such a factor would carry less weight than it would have

carried if the fact of the recidivism itself had not already been taken into consideration in determining the applicable mandatory minimum sentence provision. There is no indication here, however, that the prior ARD was considered improperly.

Appellant contends further that the trial court improperly considered various "facts" not of record including, fault for the accident, appellant's BAC, and appellant's failure to comply with the terms of his prior ARD. The facts contested were, in fact, "of record" in this case.

 The attribution of fault for the accident to appellant is supported by the citations issued by the investigating officer to appellant for reckless driving and driving left of center (despite their subsequent *non pros* ),[2] appellant's admission contained in the PSI Report that he blacked out behind the wheel and regained consciousness shortly before impact, and the implicit and explicit attributions of fault to appellant by the victims and victims' parents in the written victim impact statements and in their live testimony. The fact that appellant had a .371 BAC was conclusively established by appellant's judicial admission to that specific fact in the guilty plea colloquy. Finally, the fact of appellant's non-compliance with the trial court's directive to attend DWI school as a condition of ARD on the first offense was detailed in the PSI Report and supplemented with additional admissions by appellant through counsel at sentencing. The factors are sustained by the record, and appellant's contention to the contrary is simply without basis in fact.

Finally, appellant contends that prejudicial and inflammatory written and live statements by the victims and their parents were improperly considered. We cannot agree.

 Review of the challenged victim impact statements and live testimony reveals that they were neither preju-

2. *Commonwealth v. Petras,* 368 Pa.Super. 372, 382–83, 534 A.2d 483, 488 (1987); *Commonwealth v. Tisdale,* 233 Pa.Super. 77, 82, 334 A.2d 722, 724 (1975).

dicial, nor improperly inflammatory. In *Commonwealth v. Slocum*, 384 Pa.Super. 428, 559 A.2d 50 (1989), this Court in an analogous context opined:

> While prosecutors may not be permitted to use outrage at the type of crime committed as a substitute for the evidence of guilt necessary to convict, a prosecutor is nonetheless permitted, and even expected, to breathe life with all its outrage, shame, and trauma, into otherwise sterile words like "rape" and "incest" during closing argument. To do otherwise would be to deny the full truth which those words imply, and to withhold from the jury a true image of the facts from the prosecution's perspective.

559 A.2d at 56. Under our legislature's "Basic Bill of Rights for Victims," victims of all crimes have the same right to breathe life with all its emotions into their victim impact statements included in the PSI Report. *Commonwealth v. McLaughlin*, 393 Pa.Super. 277, —, 574 A.2d 610, 614–615 (1990); 71 P.S. § 180–9.3(1).

Such victim impact statements may understandably contain harsh statements regarding the defendant, some of which may be properly classified as irrelevant or inflammatory. While no such statements appear here, we note that a trial court is ordinarily presumed to be capable of identifying and properly disregarding all but the most prejudicial and inflammatory evidence. *Id.*, 574 A.2d at 614–615; *cf. Commonwealth v. Gibson*, 389 Pa.Super. 518, 525, 567 A.2d 724, 727 (1989).

■ Moreover, at the discretion of the trial court, the Commonwealth may properly present *live* testimony of the victim and/or the victim's family or friends as well as other evidence such as photographs at sentencing on the relevant sentencing issue of *"the gravity of the offense as it relates to the impact on the life of the victim and on the community."* 42 Pa.C.S.A. § 9721. Thus, the victim, family members, and friends may properly testify at sentencing regarding the impact of the offense on the victim, the impact on

the community generally, and/or the impact on the family members or friends *as members of the community. Id.*

Appellant suggests that "punishment," which the victim's mother expressly sought, was an entirely improper purpose in sentencing. He is mistaken. The police power of the state does not exist solely to deter, incapacitate, and rehabilitate criminals; rather proportionate punishment remains a proper consideration in sentencing. Personal and familial revenge has been supplanted by the criminal justice system, not to insulate criminals from just punishment, but to ensure that the imposition of punishment is procedurally just and substantively proportionate. *Cf. Commonwealth v. Schaeffer*, 370 Pa.Super. 179, 227, 536 A.2d 354, 378 (1987) (Kelly, J., concurring and dissenting) ("Society deprives the individual of the right to avenge himself by direct response and, in recompense for this loss, has instituted the "police power" to ensure a reasoned and just societal response."), *allocatur granted*, 520 Pa. 596, 552 A.2d 251 (1988). We note that we are confident that the trial court was not persuaded by the victim's mother's plea to impose any but the just and proportionate punishment which appellant's conduct warranted.

Thus, review of the brief and the record reveals that appellant's contentions are baseless in fact, and meritless as a matter of law. Consequently, we find no abuse of the trial court's sound discretion in sentencing.

Judgment of Sentence is Affirmed.