J. S69021/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILBUR RICHARDSON, | : | No. 3453 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 15, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0010408-2013,
CP-51-CR-0015960-2010, MC-51-CR-0029434-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND STABILE, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 05, 2015**

Appellant appeals the judgment of sentence entered November 15, 2013.  Finding no merit in the issues raised on appeal, we affirm.

Appellant was charged as a result of a police drug sting operation conducted on July 25, 2013 on Granite Street in Philadelphia.  On November 15, 2013, appellant pleaded guilty to a single count of possession of a controlled substance with intent to deliver.[1]  In exchange, the Commonwealth dropped some charges and recommended a sentence of 6 to 23 months' imprisonment followed by 3 years' probation.  Immediately after the plea, the court imposed the recommended sentence as well as back time on a previous conviction for which appellant was on parole.  A motion for

---

[1] 35 P.S. § 780-113(a)(30).

reconsideration of sentence was denied on November 25, 2013.  Appellant timely filed this appeal on December 4, 2013.

Appellant raises three issues on appeal asserting:  1) that the evidence was insufficient to support his conviction; 2) that the verdict was against the weight of the evidence; and 3) a claim as to the discretionary aspects of his sentence.

We begin our analysis by noting:

> A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence.  Nevertheless, this Court has also ruled that an appellant may challenge the discretionary aspects of sentence in these circumstances, so long as there is no plea agreement as to the terms of the sentence.

***Commonwealth v. Stewart***, 867 A.2d 589, 591 (Pa.Super. 2005).

Consequently, appellant cannot challenge either the sufficiency or weight of the evidence.  However, since the plea bargain only called for a recommended sentence rather than a certain sentence, appellant is not barred from raising the discretionary aspects of his sentence by his guilty plea.  Nonetheless, we find that appellant cannot challenge the discretionary aspects of his sentence either.

> An assertion that a given sentence is excessive constitutes a challenge to the discretionary aspects of that sentence. ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa.Super.2008).  In order to preserve such a challenge for purposes of appeal, an appellant must provide "a concise statement of reasons for allowance of appeal demonstrating a

> substantial question that the sentence imposed was not appropriate under the Sentencing Code." ***Commonwealth v. Penrod***, 396 Pa.Super. 221, 578 A.2d 486, 490 (1990); ***see*** Pa.R.A.P. 2119(f). When an appellant fails to provide such a statement (not to mention no material argument to the effect that his challenge presents a substantial question) and the Commonwealth objects to the omission, we must deem that challenge waived. ***Commonwealth v. Bruce***, 207 Pa.Super. 4, 916 A.2d 657, 666–67 (2007).

***Commonwealth v. Myers***, 86 A.3d 286, 289 n.3 (Pa.Super. 2014).

Appellant has failed to include in his brief a concise statement of reasons for allowance of appeal and the Commonwealth has objected. (Commonwealth's brief at 7.) Thus, appellant has waived his issue as to the discretionary aspects of sentence.

Accordingly, for the reasons stated, we cannot reach any of appellant's issues on appeal and all must be deemed without merit or waived.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/2015