J-S83035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JAY R. IRELAND, :
:
Appellant : No. 536 WDA 2016

Appeal from the Judgment of Sentence March 16, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001402-2015

BEFORE:    FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:            **FILED JANUARY 03, 2017**

Jay R. Ireland (Appellant) appeals from the judgment of sentence entered after he pled guilty to possession of instruments of crime, simple assault, terroristic threats, and criminal trespass.  We affirm.

This case arises from Appellant's assault of his girlfriend (Victim) in April of 2015.  On April 26, 2015, Victim went to the police station and informed police that she and Appellant were arguing the prior evening and he "started hitting her and slamming her to the ground." Affidavit of Probable Cause, 4/30/2015.  After Appellant punched Victim in the face, he made Victim pack all of his belongings as well as anything Appellant had bought for Victim.  In addition, Appellant forced Victim to remove her clothing because he had given those items to her.  Victim told police that Appellant "pulled out a silver pocket knife" and "threatened to cut out her

*Retired Senior Judge assigned to the Superior Court.

tongue, slice her throat and kill her if she continued to cry." *Id*. Victim also told police that Appellant forced her to have sex with him. In addition, she stated that Appellant continued abusing her throughout the night, and she left, taking their three-year-old child with her, the following morning.

Appellant was charged with numerous crimes as a result of this incident. On January 11, 2016, Appellant entered into an open guilty plea to the aforementioned charges.[1] Sentencing was scheduled for March 7, 2016, but was rescheduled to March 16, 2016. On that day, Appellant did not appear for sentencing, despite the fact that his family was present in the courtroom and counsel for Appellant acknowledged Appellant was aware of the date for sentencing. N.T., 3/16/2016, at 7. Thus, the trial court proceeded to sentence Appellant *in absentia*.

Counsel for Appellant presented the trial court with a letter Appellant had sent to the district justice in this case, as well as a letter from Appellant's former employer. Appellant's mother, father, and brother also testified on Appellant's behalf. The Commonwealth presented the trial court with a letter from Victim. Counsel for Appellant objected to the letter stating that "this is the first time we are reading [Victim's] letter….". *Id*. at 24. In addition, counsel for Appellant objected to the contents of the letter to the

---

[1] The Commonwealth *nolle prossed* charges of sexual assault and involuntary deviate sexual intercourse in exchange for Appellant's guilty pleas to the remaining charges.

extent it "involves charges that were [*nolle prossed*]."[2] **Id**. The trial court overruled Appellant's objections and proceeded to sentence Appellant to an aggregate term of three-and-one-half to 19 years of incarceration.[3]

Appellant timely filed a motion for reconsideration, which was denied by the trial court. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents this Court with one question: "Whether [Appellant's] sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code after the trial court considered and relied upon impermissible factors." Appellant's Brief at 3.

Appellant challenges the discretionary aspects of his sentence.[4] We consider his question mindful of the following.

---

[2] The letter detailed the long-term nature of the abuse she suffered from Appellant. She also presented a detailed account of the events that occurred on the night of April 25, 2016, including the fact that Appellant "made [her] have sex with him." Letter from Victim, 3/3/2016. In addition, Appellant pointed out that she did not leave the house during the night because she did not want to leave her three-year-old child, who was sleeping, alone in the house with Appellant.

[3] This sentence consisted of four separate standard-range sentences for each charge running consecutively to one another.

[4] "[W]hile a guilty plea which includes *sentence negotiation* ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 368 n.5 (Pa. Super. 2005) (emphasis in original).

- 3 -

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014)

(some citations omitted).

Here, Appellant filed a notice of appeal after preserving the issue by filing a motion to reconsider his sentence. Appellant's brief also contains a statement pursuant to Pa.R.A.P. 2119(f). We thus consider whether Appellant has presented a substantial question for our review.

Appellant claims that the trial court erred by relying "upon impermissible factors" including Victim's letter to the trial court where she referenced the *nolle prossed* sexual assault charges. Appellant's Brief at 6. This Court has held that "a manifest abuse of discretion exists when a sentence is enhanced due to charges that have been *nolle prossed* as part of a plea agreement, because notions of fundamental fairness are violated." ***Commonwealth v. Stewart***, 867 A.2d 589, 593 (Pa. Super. 2005). ***See also Commonwealth v. Miller***, 965 A.2d 276, 277 (Pa. Super. 2009) (holding that a claim the trial court considered charges that have been *nolle prossed* in sentencing an appellant presents a substantial question for review). Accordingly, we shall address the merits of Appellant's claim.

On appeal, Appellant contends that the "admission of said letter was highly prejudicial in nature … [because of its] numerous references to charges including rape and other sexual offenses that were either *nolle prossed* or withdrawn in exchange for [] Appellant's guilty plea." Appellant's Brief at 8. Appellant suggests that despite what the trial court stated on the record at sentencing, the record shows the letter "obviously made an

impression prior to [imposing the] sentence." ***Id***. at 9. Thus, Appellant requests that he be resentenced without the use of Victim's letter.

In considering this issue, we observe that "[u]nder our legislature's 'Basic Bill of Rights for Victims,' victims of all crimes have the [] right to breathe life with all its emotions into their victim impact statements included in the PSI Report." ***Commonwealth v. Penrod***, 578 A.2d 486, 491 (Pa. Super. 1990). While "[s]uch victim impact statements may understandably contain harsh statements regarding the defendant, some of which may be properly classified as irrelevant or inflammatory … a trial court is ordinarily presumed to be capable of identifying and properly disregarding" such evidence. ***Id***.

After reading Victim's letter, the trial court offered the following in fashioning Appellant's sentence.

> If you look at the mosaic of this case, it is not in any contemplation a 6 month sentence here. This is a state sentence. He has a Prior Record Score of 5. And what's described in the letter I can't summarize and do justice to. It's just a night of terror which she thought she was going to die.
>
> ***
>
> Sentencing is broad. I'm not going to sentence him for what he didn't plead guilty to, but she is entitled to paint in minute detail the night of terror that occurred to the extent she claimed it was non-consensual sex. I'm a judicial officer. I can put that aside. But [what] she claimed about the terror inflicted on her and the mental torture he engaged in is fair game for these charges of terroristic threats, simple assault and criminal trespass.
>
> ***

So this is a case which calls for sentencing and at the high end of the standard range…. [A]nything else would denigrate what's occurred here.

Two other points. [Appellant] is quite old in the sense of his late twenties. He's had plenty of time to seek treatment. He is secure in his position as a batterer, and I think the Commonwealth wins this hands down. He seeks mental health treatment only because he feels the [h]ot breath of the law on the back of his neck, not for any other purpose.

N.T., 3/16/2016, at 24-25, 32.

Based on the foregoing, Appellant's argument that the trial court considered improperly charges which were *nolle prossed* in fashioning Appellant's sentence is belied by the record. While the trial court was certainly aware of the charges and the conduct that led to them, it is clear from the record that Appellant was sentenced only for the charges for which he pled guilty. Thus, we conclude that Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Johnson**, 125 A.3d 822, 826 (Pa. Super. 2015) (quoting **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa. Super. 2013)).

Judgment of sentence affirmed.

J-S83035-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017