J-S62004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY WILLIAMS | : | |
| | : | |
| Appellant | : | No. 709 EDA 2018 |

Appeal from the Order February 9, 2018
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003366-2012

BEFORE:  LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:               **FILED DECEMBER 04, 2018**

Anthony Williams appeals *pro se* from an order denying his "Motion Requesting the Dismissal of the Illegal Entering of a Restitution Assessment," entered in the Court of Common Pleas of Lehigh County.  After careful review, we reverse and remand for resentencing.

On June 24, 2012, Williams unlawfully entered Jocelyn Kyte's home[1] and stole electronics valued at approximately $2,100.[2]  The trial court summarized the procedural history as follows:

> On November 21, 2013, [Williams] was found guilty by a jury of burglary and related charges in this case [CR-3366-2012] and

---

[1] 18 Pa.C.S.A. § 3502(a).

[2] 18 Pa.C.S.A. § 3921(a).  Williams was also charged with criminal trespass, 18 Pa.C.S.A. § 3502 (a)(1)(ii), and receiving stolen property, 18 Pa.C.S.A. § 3925(a).

case CR-3248-2012. On January 8, 2014, [the trial court] sentenced [Williams] to an aggregate term of 12 to 40 years in a State Correctional Institution. [Williams] filed timely post-sentence motions, and on June 13, 2014, [the trial court] granted [the motions in part and denied them in part. Specifically, the trial court vacated the judgment of sentence and] granted a new trial[3] in this case[, CR-3366-2012, and denied the motion on all other grounds with respect to both cases, CR 3366-2012 and CR-3248-2012]. [Williams] appealed [*pro se* from the portion of the order denying his post-sentence motions] and on October 7, 2015, the Superior Court affirmed the judgment of sentence in case CR-3248-2012 and quashed the appeal as to this case [where no final order had yet been entered].

On October 20, 2015, [Williams] filed a Post-Conviction Relief Act petition in case CR-3248-2012. On June 23, 2016, the parties reached an agreement wherein the Commonwealth would not oppose the PCRA petition in exchange for [Williams] waiving all future appellate rights in both cases.[4] [The trial court] granted the PCRA petition and vacated the sentence of January 8, 2014 in CR-3248-2012. [Williams] then pleaded guilty to one count of burglary in both cases, and [the trial court] immediately sentenced him to 4 to 8 years in a State Correctional Institution in each case and ordered the sentences to run concurrently.[5]

At the time, the restitution amount was set at $1.00, pending additional information from the Commonwealth. On July 25, 2016, [the trial court] signed an order amending the restitution to $1,549.95 based on a restitution claim form submitted by the victim in this case. On October 2, 2017, [Williams] filed a motion seeking dismissal of the restitution order. Following a hearing on February 9, 2018, [the trial court] denied the motion.

---

[3] The trial court concluded that it erred by sending one of Williams' confessions out with the jury.

[4] Although Williams agreed to waive all future appellate rights, a person can never waive his right to challenge the legality of a sentence. ***Commonwealth v. Robinson***, 931 A.2d 15, 20 (Pa. Super. 2007).

[5] The court dismissed the remaining charges. Trial Court Opinion, 5/21/18, at 1.

J-S62004-18

Trial Court Opinion, 5/21/18, at 7.

On March 1, 2018, Williams filed a timely notice of appeal. Both Williams and the trial court have complied with Pa.R.A.P. 1925. On appeal, Williams raises the following issue: "Does the court have authority to order restitution when the defendant [pled] guilty to [the] crime of burglary and, per the plea agreement, theft and related charges [were] dismissed and the burglary caused no damage in the entry and restitution was not part of a probation sentence?" Brief of Appellant, at 7.

When restitution is part of the direct sentence, it is imposed pursuant to 18 Pa.C.S.A. § 1106, which reads:

> (a) General rule.-Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefore.

18 Pa.C.S.A. § 1106(a).

Challenges to the authority to award restitution are generally non-waivable challenges to the legality of the sentence. **Commonwealth v. Brown**, 956 A.2d 992 (Pa. Super. 2008). Challenges to the legality of a sentence are not waivable. **Commonwealth v. Jacobs**, 900 A.2d 368 (Pa. Super. 2006). Issues concerning the legality of a sentence are questions of law, and thus our standard of review is *de novo* and our scope of review is plenary. **Commonwealth. v. Wolfe**, 106 A.3d 800, 802 (Pa. Super. 2014).

- 3 -

In Williams' sole issue on appeal, he contends that because he only pleaded guilty to burglary and because it was the theft, rather than the burglary, that caused damages to Kyte, the trial court cannot order him to pay restitution.

An individual is guilty of burglary if he "unlawfully enters a building or occupied structure or separately secured or occupied portion thereof, with the intent to commit a crime therein." 18 Pa.C.S.A. § 3502(a). In determining the correct amount of restitution to be paid, courts employ a "but-for" test – "damages which occur as a direct result of the crime are those which should not have occurred *but for* defendant's criminal conduct." **Commonwealth v. Gerulis**, 616 A.2d 686, 697 (Pa. Super. 1992) (emphasis added). When a defendant's actions are a substantial factor in causing injuries to the victim, the trial court can impose restitution. **Commonwealth v. Walker**, 666 A.2d 301, 309 (Pa. Super. 1995) (holding that but for Appellant's DUI, victims would not have sustained injuries and thus restitution for car damage was proper); **see also Commonwealth v. Penrod**, 578 A.2d 486, 490 (Pa. Super. 1990) (finding restitution proper because but for defendant causing car accident, victim would not have lost property contained in demolished car).

Williams, in the course of burglarizing Kyte's home, stole property from Kyte, which she never recovered. Thus, but for William's burglary of Kyte's home, Kyte would not have suffered damages in the form of property loss. It is impossible to separate the crimes of burglary from the act of theft – Williams

could not have committed the theft without first committing the burglary. Therefore, the burglary was a substantial factor in causing harm to Kyte. **Walker**, **supra**. Accordingly, Kyte's losses were a direct result of Williams' burglary. **Gerulis**, **supra**.

While we find that the trial court had the authority to impose restitution as a direct sentence where Williams only pleaded guilty to burglary, we ultimately conclude that the court's restitution sentence was illegal due to the manner in which it imposed restitution.[6]

In **Commonwealth v. Gentry**, 101 A.3d 813, 818 (Pa. Super. 2014), the defendant pled guilty to possession with intent to deliver and receiving stolen property. **Id.** at 815. As part of the parties' plea agreement, the Commonwealth requested that the trial court "set [restitution] at [$1.00] to be refined by the Department of Probation." **Id.** The court then ordered "[r]estitution [] in favor of [the victim] at one dollar subject to review and adjustment." **Id.** Later, the county probation office determined that the proper amount of restitution was $49,000.00, which the court imposed. After the defendant failed to pay his court fees, costs and restitution, the trial court revoked defendant's probation, and imposed a new probationary sentence. Defendant filed a motion to discharge his restitution sentence; the court

---

[6] Legality of sentence claims cannot be waived, given proper jurisdiction; the Superior Court can review illegal sentences *sua sponte*. Here, there is no question that our Court has jurisdiction over this appeal. **Commonwealth v. Ramos**, 2018 PA Super. 274 (Pa. Super. filed Oct. 10, 2018).

denied the motion as untimely, but reduced the award of restitution by $7,000.00, to $42,000.00. *Id.* The defendant filed a direct appeal alleging that his restitution sentence was illegal because the court delegated the full restitution determination to the county probation office at his original sentencing hearing and later permitted the probation department to "unilaterally" determine and set restitution without a hearing.

On appeal, our Court specifically disapproved of the trial court's method of imposing restitution under section 1106, concluding that the trial court imposed an illegal sentence. Specifically, the Court acknowledged that while section 1106(c)(2) requires a trial court to "specify the amount of restitution at the time of the original sentencing as well as the method of payment," *id.* at 817, the court's imposition of $1.00 in restitution and delegation to the probation department to determine the correct amount at a later date was not statutorily permitted. *Id.* at 818. The court called the nominal restitution amount an "interim value," or a mere placeholder. *Id.* Moreover, our Court noted that the fact that the illegality was a term of a plea bargain, like in the instant case, was of no legal significance. *Id.* at 819.

Here, not only did the court's nominal $1.00 restitution amount violate section 1106 and the holding of *Gentry*, but the court also failed to base its award "upon information solicited by the district attorney and received from the victim." 18 Pa.C.S. § 1106(c)(4)(i); *Commonwealth v. Dinoia*, 801 A.2d 1254, 1257 (Pa. Super. 2002). Moreover, although it is mandatory to

award full restitution under section 1106(c), the actual amount that constitutes "full restitution" must be determined by the court, within the adversarial system, and respectful of the defendant's rights to due process. **Commonwealth v. Ortiz**, 854 A.2d 1280, 1282 (Pa. Super. 2004) (en banc). **See** 18 Pa.C.S. § 1106 (c)(4) (imposing requirement upon Commonwealth to "provide the court with its recommendation *of the restitution amount* at or prior to the time of sentencing") (emphasis added), **but see Commonwealth v. Dietrich**, 970 A.2d 1131, 1132 (Pa. 2009) (where court had "tak[en] into account the restitution information that [had] already been provided [by the parties]," and later amended restitution amount to include full amount, restitution sentence was proper). Here, the court's restitution sentence contradicts the clear language of section 1106(c)(4)(i) and runs afoul of one of the purposes behind the restitution statute which is to "provide[] the defendant with certainty as to his sentence[.]" **Dinoia**, **supra** at 1257. Although the trial court set *some* restitution amount at sentencing, in this case we find the restitution amount is akin to those instances where a trial court has improperly ordered restitution generally without a specific amount, or left the amount open-ended. **See Ramos**, **supra**; **Dinoia**, **supra**.

Accordingly, we conclude that the trial court erred when it denied Williams' motion to dismiss the illegal restitution order. On remand, the trial court shall vacate the restitution order and conduct a new sentencing hearing,

limited solely to the issue of restitution consistent with section 1106 and case law.

Order reversed. Case remanded with proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/18