J-A11002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES LEWIS GUTHRIE, JR. | : | |
| | : | |
| Appellant | : | No. 1625 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 7, 2018
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000505-2017

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 25, 2019**

James Lewis Guthrie, Jr. appeals from the judgment of sentence of thirty-three months to twelve years of incarceration imposed by the trial court following his guilty plea to one count each of stalking, and dissemination of obscene materials, and four counts of unlawful contact with a minor.  We affirm.

From September 15, 2016, to September 7, 2017, Appellant electronically transmitted multiple obscene images to the seventeen-year-old victim consisting of a photo of her likeness.  The images included semen covered photographs of the victim, a male having anal sex with a female that had the victim's head photoshopped onto it, and videos of a male masturbating onto the victim's picture.  N.T. Guilty Plea, 4/30/18, at 6-7; ***see also*** N.T. Sentencing, 5/7/18, at 20.  Over this period of time, Appellant also

repeatedly sent messages to the victim indicating that he was watching her, describing what she was wearing, and requesting sexual acts. N.T. Guilty Plea, 4/30/18, at 8.

On April 30, 2018, Appellant entered into a hybrid guilty plea to the aforementioned charges.[1] The Commonwealth withdrew four counts of unlawful contact with a minor, eight counts of criminal use of a communication facility, seven counts of disseminating obscene materials, and eight counts of cyber harassment of a child. Although Appellant could have received up to forty years of imprisonment, the Commonwealth agreed to cap the incarceration at twelve months for each of the four counts of unlawful contact with a minor, three months for stalking, and nine months for the dissemination of obscene materials. *Id*. at 2-3. There was no agreement as to the minimum sentences Appellant would receive or whether the sentences would be run concurrently or consecutively to each other. At the close of the hearing, the trial court judge noted that a presentence investigation had been completed and that he would utilize it when fashioning Appellant's sentence. *Id*. at 14.

_____

[1] Since Appellant's plea agreement did not include a specific term of imprisonment, but did place limitations on his sentence it is a hybrid plea agreement. *See Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa.Super. 1994). This means that Appellant can appeal the discretionary aspects of his sentence, which were not agreed upon during the negotiation process. *Id*. To the extent that Appellant is challenging the discretionary aspects of his sentence, we find that he has raised a substantial question. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa.Super. 2006) (finding that a contention that the court considered impermissible sentencing factors raises a substantial question).

On May 7, 2018, Appellant appeared for sentencing. At the hearing, Appellant lodged an objection to the reading into the record of the victim's impact statement by her mother after it had already been admitted and the trial court had reviewed it. In addition, he objected to references in the victim's impact statement to "seven years of harassment" by Appellant, and to the trial court's refusal to permit him to cross-examine the victim's mother. N.T. Sentencing, 5/7/18, at 6-7, 13, 17. All of the objections were overruled. *Id*. At the conclusion of the hearing, Appellant was sentenced consistent with the terms of the plea agreement to an aggregate sentence of thirty-three months to twelve years of incarceration.

Appellant filed a timely post-sentence motion, in which he sought modification of his sentence based on improper remarks contained in the victim's impact statement, the trial court's decision to allow the victim's mother to submit and read aloud her impact statement, and the denial of Appellant's request to cross-examine the victim's mother. After a hearing, the trial court denied the motion. Appellant filed a timely notice of appeal and complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The trial court's Pa.R.A.P. 1925(a) opinion followed.

Appellant raises the following issues for our review:

A.    Whether the trial court committed an error of law/abuse of discretion in denying defense counsel the opportunity to cross-examine the victim's mother at the sentencing

hearing in this matter following questioning by the Commonwealth?

B. Whether the trial court committed an error of law/abuse of discretion in allowing the victim to submit a victim impact statement to the lower court outlining incidents that took place over "seven long years" when the charges at issue in this matter stem from a period from September 15, 2016[,] through September 7, 2017?

C. Whether the trial court committed an error of law/abuse of discretion in allowing the victim's mother to read the victim impact statement into the record over the objection of defense counsel, based upon the overreaching nature of the victim impact statement and the fact that all parties in this matter had had written copies of the victim impact statement in their possession for weeks prior to the sentencing hearing?[2]

Appellant's brief at 6 (unnecessary capitalization omitted).

In his first issue, Appellant alleges that he was denied due process under the confrontation clause of the Pennsylvania and United States Constitutions when he was not allowed to cross-examine the victim's mother at the sentencing hearing. Appellant's brief at 10. Appellant argues that because the prosecutor asked the victim's mother "if she would like to make a statement to the Court" before she delivered her oral impact statement, anything she said after that point was no longer a victim impact statement and should have been subject to cross-examination. *Id*. at 11. We disagree with Appellant's characterization.

_____

[2] While contained in his statement of issues, Appellant has provided no argument regarding this issue in his brief. Therefore, it is waived.

- 4 -

The admissibility of evidence, including victim impact evidence, rests within the sound discretion of the trial court. ***Commonwealth v. Bryant***, 67 A.3d 716, 726 (Pa. 2013). The conduct of a sentencing hearing differs from the trial of the case. ***Commonwealth v. Medley***, 725 A.2d 1225, 1229 (Pa. Super. 1999). To determine an appropriate penalty, the sentencing court may consider any evidence it deems relevant. ***Id***. While due process rights apply, the sentencing court is neither bound by the same rules of evidence nor criminal procedure as it is in a criminal trial. ***Commonwealth v. King***, 182 A.3d 449, 455 (Pa.Super. 2018).

A court is required to impose sentences "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). To that end, a victim may:

> offer prior comment on the sentencing of a defendant . . . to include the submission of a written and oral victim impact statement detailing the physical, psychological and economic effects of the crime on the victim and the victim's family. The written statement shall be included in any predisposition or presentence report submitted to the court. Victim-impact statements shall be considered by a court when determining the . . . sentence of an adult.

***Commonwealth v. King***, 182 A.3d 449, 455 (Pa.Super. 2018) (quoting 18 P.S. § 11.201(5)). A parent of a child who is a direct victim is also considered a victim. ***See*** 18 P.S. § 11.103.

A review of the sentencing transcript reveals that the victim's mother provided an oral impact statement after the prosecutor asked: "would you

like to make a statement to the [c]ourt as to how this has affected you?" N.T. Sentencing, 5/7/18, at 11. Without any further direction, the victim's mother detailed her observations of the victim's "suffer[ing]" and gave examples of specific obstacles the victim has had to overcome due to Appellant's actions. *Id*. at 12-13. The statement was concise and solely focused on how Appellant's actions had negatively affected the victim and their family. *Id*.

In order to fully appreciate the gravity of a crime, human elements must be considered. We have previously emphasized that crime victims in this Commonwealth have the "right to breathe life with all its emotion into their victim impact statements." *Commonwealth v. Penrod*, 578 A.2d 486, 491 (Pa.Super. 1989). The statement of the victim's mother served to fulfill this purpose, personalizing the victim and illustrating the human consequences that have resulted from Appellant's actions for the court's consideration. We decline to reframe this oral victim impact statement as testimony, solely because the Commonwealth provided a guiding prompt. Appellant has offered no legal authority compelling such a result. Without any, we decline to reach a conclusion that could have a chilling effect on the willingness of future victims to provide the court with oral impact statements, an important tool that a sentencing court regularly utilizes.

Next, Appellant attacks the trial court's admission of the victim's impact statement because the victim referred to "seven long years" of harassment, while Appellant only pled guilty to actions that occurred over the course of one

year. Appellant's brief at 11. He alleges that he is entitled to a new sentencing hearing on this basis. *Id*. at 13. We disagree.

At the sentencing hearing, the victim's mother read a statement wherein the victim stated that Appellant had "harassed" her for seven years and that she felt he should be incarcerated for an equal amount of time. N.T. Sentencing, 5/7/18, at 17. Immediately following the statement, Appellant's attorney pointed out the fact that Appellant was only charged and convicted of behavior that occurred over one year. *Id*. at 17-18. The trial court responded:

> The [c]ourt has the **same concern as the [d]efense [c]ounsel** [h]as lodged numerous times about this going on for seven years. I'm truly sorry if it did go on for seven years and the police were not able to help. I would hope the District Attorney's Office in hearing what's been said today will discuss this at law enforcement meetings and make sure that if it did, in fact, go on for seven years, that there's some way of local officers saying, hey, I don't know what to do here; I need some help, other than just letting it go on.

*Id*. at 19 (emphasis added).

Based on our review of the record, it is clear that the sentencing court did not punish Appellant based upon a determination that he was guilty of uncharged criminal conduct. We have previously recognized that victim impact statements may contain harsh statements regarding the defendant, some of which may be properly classified as irrelevant or inflammatory. *Penrod*, *supra* at 491. However, it is presumed that a trial court, sitting as

fact-finder, will disregard prejudicial evidence. ***Commonwealth v. Fears***, 86 A.3d 795, 820 (Pa. 2014).

In its opinion, the trial court reiterated that the charges at issue occurred during a one-year period and that it did not consider any allegations of uncharged criminal conduct when it fashioned Appellant's sentence. Trial Court Opinion, 10/9/18, at 2. Furthermore, Appellant received a standard range sentence for someone with a zero prior record score, while he had a prior record score of one. N.T. Sentencing, 5/7/18, at 19. Also, the fact that the sentencing court reviewed the presentence investigation report prepared for sentencing leads to the presumption "that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa.Super. 2013). Accordingly, we find no abuse of the trial court's sound discretion in sentencing.

Judgement of sentence affirmed.

Judge Stabile joins the memorandum.

Judge Olson concurs in result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2019

- 8 -