J-S51002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM MATTHEW MAZYCK | : | |
| | : | |
| Appellant | : | No. 1134 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 6, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002699-2018

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                **FILED DECEMBER 22, 2020**

Kareem Matthew Mazyck (Appellant) appeals from the judgment of sentence imposed after he pled guilty to selling a non-controlled substance represented as a controlled substance.[1]  We affirm.

The trial court explained:

These charges stemmed from a November 19, 2018[] incident wherein a confidential informant (hereinafter "C.I.") informed Lackawanna County Detectives that he/she could purchase crack cocaine from the Appellant.  Specifically, the Appellant agreed to meet the C.I. via text message and sell him/her a quantity of crack cocaine.  The C.I. and the Appellant planned to meet at the Fast Lane Gas Station in Dunmore, Pennsylvania.  Lackawanna County Detectives conducted surveillance at the meet location, and observed a blue Chevy Cobalt appear.  Outfitted with a covert audio listening device, the C.I. identified the blue Chevy Cobalt as the Appellant's vehicle.  Next, the C.I. entered the Appellant's vehicle with $200 [] of pre-recorded serialized U.S. currency.  Subsequently, the C.I. exited the vehicle, and signaled completion

_____

[1] 35 P.S. § 780-113(a)(35)(ii).

of the drug transaction.  Based upon that signal, the detectives initiated a traffic stop.  Immediately, detectives conducted a custodial arrest of the Appellant, and detained his passenger. Detectives provided **Miranda** warnings to both the Appellant and his passenger.  Simultaneously, the C.I. handed Detective Corey Condrad a plastic bag containing a quantity of suspected crack cocaine purchased from the Appellant.  The C.I. identified the Appellant as the supplier of the [suspected] crack cocaine.  Upon a custodial search of the Appellant, detectives recovered an iPhone, and $200 of the pre-recorded serialized U.S. currency.

Trial Court Opinion, 6/22/20, at 2-3 (citations omitted).

Appellant pled guilty on February 8, 2019 to selling a non-controlled substance represented as a controlled substance.[2]  On May 7, 2019, the trial court sentenced Appellant to 21 to 46 months of incarceration, followed by 2 years of probation.  On June 6, 2019, the trial court issued an order *sua sponte* modifying Appellant's sentence to 21 to 48 months of incarceration, followed by 1 year of probation.[3]  That same day, in what appears to be a result of mixed signals or miscommunication between the trial court and Appellant, Appellant filed a notice of appeal from the May 7, 2019 judgment of sentence.

---

[2] The suspected crack cocaine was sent to a laboratory where it was determined to be soap.  **See** N.T., 5/7/19, at 3.

[3] The trial court explained it modified the sentence after it "recognized an obvious and patent mistake in [Appellant's] sentence as the original sentence exceeded the five (5) year maximum pursuant to 35 P.S. § 780-113(j)."  Trial Court Opinion, 6/22/20, at 3; **see also Commonwealth v. Coleman**, 226 A.3d 598, 604 n.6 (Pa. Super. 2020) ("A trial court may *sua sponte* correct a patent or obvious mistake.") (citing, *inter alia*,  Pa.R.Crim.P. 720); **see also Id.** at 604 n.7 ("A trial court may correct an illegal sentence *sua sponte*, even where a defendant has started serving that sentence.") (citations omitted).

On June 14, 2019, Kevin McNicholas, Esq., filed a motion to withdraw as Appellant's counsel. On June 21, 2019, the trial court received and docketed an untitled "*Pro Se* Filing" from Appellant; it also granted Attorney McNicholas' motion to withdraw.

On June 26, 2019, the trial court appointed Ryann D. Loftus, Esq. to represent Appellant. On July 3, 2019, Appellant timely appealed from the June 6, 2019 judgment of sentence.[4] Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Appellant presents two issues:

1. Whether the trial court erred and abused its discretion in sentencing Appellant in the aggravated range based upon impermissible factors, namely factors related to separate criminal matters for which the Appellant had not been convicted or was otherwise punished?

2. Whether the Sentence imposed by the trial court was harsh, excessive and an abuse of discretion in light of the Sentencing Guidelines and under the facts and circumstances of the case?

Appellant's Brief at 4.[5]

---

[4] As directed by this Court, on August 9, 2019, Appellant filed a praecipe to strike the notice of appeal from the May 7, 2019 judgment of sentence. In response, we issued an order on August 21, 2019 striking Appellant's appeal at 944 MDA 2019.

[5] Appellant's Rule 1925(b) statement raises an additional claim. **See** Rule 1925(b) Statement, 7/17/19, at *1. However, we do not address the claim because Appellant does not raise it in his brief. **See Commonwealth v. Briggs**, 12 A.3d 291, 310 n.19 (Pa. 2011), *cert. denied*, 132 S.Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).

Here, Appellant filed a timely notice of appeal and included in his brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 9-10. However, Appellant failed to preserve his claims by raising them at sentencing or in a timely post-sentence motion. We thus find that the claims are waived.

The Rules of Appellate Procedure state: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in a timely post-sentence motion." *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008) (citations omitted). "Moreover, a party cannot rectify the failure

- 4 -

to preserve an issue by proffering it in response to a Rule 1925(b) order." *Commonwealth v. Monjaras-Amaya*, 163 A.3d 466, 469 (Pa. Super. 2017) (citations and emphasis omitted). This Court will not overlook waiver simply because the trial court substantively addressed the issue in its 1925(a) opinion. *See Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1287-89 (Pa. Super. 2004) (*en banc*).

The record indicates that Appellant failed to raise his claims at sentencing[6] or in a timely post-sentence motion.[7] *See* Trial Court Opinion, 6/22/20, at 3. "[W]here the issues raised assail the trial court's exercise of discretion in fashioning the defendant's sentence, the trial court must be given the opportunity to reconsider the imposition of the sentence either through the defendant raising the issue at sentencing or in a post-sentence motion." *Commonwealth v. Cramer*, 195 A.3d 594, 610 (Pa. Super. 2018) (citation

---

[6] *See* N.T., 5/7/19, at 1-5; *see also* Commonwealth Brief at 4 ("Appellant did not object to his sentence at the sentencing hearing.").

[7] The only filing by Appellant between the June 6, 2019 judgment of sentence and his July 3, 2019 notice of appeal was the untitled "*Pro Se* Filing," docketed on June 21, 2019. As Appellant was still represented by Attorney McNicholas, the filing was a legal nullity. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) (citation omitted). Moreover, it was untimely under Pennsylvania Rule of Criminal Procedure 720(A)(1) ("[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence."); *Commonwealth v. Wrecks*, 931 A.2d 717, 719-20 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve issues on appeal.") (citation omitted).

omitted). "[T]he failure to do so results in waiver of those claims." *Id.* (citations omitted). Accordingly, we are constrained to find waiver.

We further note that Appellant's issues would not merit relief even in the absence of waiver. The trial court provided a detailed and thorough explanation for sentencing Appellant in the aggravated-range. Trial Court Opinion, 6/22/20, at 9-12. The court reasoned:

> [A]s required by 42 Pa.C.S. § 9721(b), this [c]ourt upheld a duty to protect the community and exhibited serious concern for the Appellant's continued criminal behavior while incarcerated. This Court relied on several factors that led to the Appellant's aggravated range sentence on Count II.
>
> Specifically, consideration of the particular facts of the offense as well as the individual circumstance involving the Appellant's parole status, and his participation in a drug transaction with another parolee in his vehicle. (Notes to Testimony, May 7, 2019 p. 4). First, the Appellant's parole status demonstrates an inability to rehabilitate or reform. *See Commonwealth v. Harmon*, 523 Pa. 643, 565 A.2d 1168 (Pa. 1989)(trial court used fact that appellant was on work release when he committed second offense as an aggravating factor for sentencing); *See also Commonwealth v. Penrod*, 578 A.2d 486, 491 (Pa. Super 1990)(finding that prompt or recent recidivism is an aggravating factor at the time of sentencing, because it gives "rise to an inference of intransigence rather than mere relapse following sincere attempts to reform."); *Commonwealth v. Eck*, 654 A.2d 1104, 1106-07 (Pa. Super. 1995)(considering information that crime committed while defendant was on probation as aggravating sentencing factor). Second, the Appellant minimized his role in the underlying offense, citing that "he sold some soap to a confidential informant." (Notes to Testimony May 7, 2019 p. 3). Of concern to this [c]ourt is the Appellant's characterization of the offense. The Appellant fails to appreciate the wrongfulness of his actions in that he arranged and participated in a pseudo drug transaction to recoup a profit with another parolee in his vehicle. *Id.* For all intents and purposes the Appellant acted as if he were delivering a controlled substance, hence re-engaging in criminal conduct. As

- 6 -

counsel for the Appellant stated: "According to [Appellant], the confidential informant owed him some money and he thought --- he was having trouble collecting it and thought it would be the best way to recoup the money." *Id.* Based on these facts and circumstances, this [c]ourt found that the Appellant cannot stop engaging in criminal behavior or conform his conduct to the requirements of the law.

This [c]ourt also referenced and considered the Appellant's two prison misconducts pending the imposition of sentence. The pre-sentence investigative report cited two misconducts: one on December 10, 2018 for violation of prison rules and staff instructions, and the second, more egregious and assaultive in nature, committed on April 10, 2019 involved abusive language, physical striking, creating a disturbance, and throwing hot water on a prison guard necessitating emergency restraints for the Appellant, and medical care for the prison guard. On both occasions, the Lackawanna County Prison conducted internal hearings, and determined the Appellant to be guilty of both misconducts. As a result, the pre-sentence investigative report cited that the Appellant received restrictive housing placement for a total of seventy-one (71) days. At the time of sentencing, the Appellant minimized his role in this disturbance, and the seriousness of his conduct, alleging the prison guard as the aggressor. (Notes to Testimony, May 7, 2019 p. 2, 4). . . . Clearly, the Appellant demonstrated that he is a poor candidate for rehabilitation by his failure to comply with the rules and regulations of the prison.

This [c]ourt believes the Appellant's behavior in prison combined with his prior assaultive criminal history as highlighted in the pre-sentence investigative report beginning as a juvenile and then twice as an adult shows no regard, no rehabilitation, and is indicative of the Appellant's mindset. Therefore, in consideration of public safety, this Court believed the citizens of Pennsylvania should not be subjected to a criminal such as the Appellant living among them. The Appellant is assaultive and incapable of peacefully living a law-abiding life. Notwithstanding, a review of the sentencing transcript reveals that this Court considered the Appellant's prison misconducts not as the sole factor, but as one factor among others illustrating the Appellant's inability to rehabilitate that led to the aggravated range sentence on Count II. *See Commonwealth v. Anderson*, 830 A.2d 1013 (Pa. Super. 2003)(holding that the trial court offered sufficient reasons

for sentence for controlled substance offenses in aggravating circumstances range, stating that offenses were committed at time when prior fines and costs were not paid and when defendant remained on supervision from previous conviction, and defendant's conduct while incarcerated in jail was not in accordance with conduct that would be expected of somebody incarcerated.). Accordingly, this Court is not precluded from considering the above factors as aggravating circumstances when it imposed the Appellant's sentence.

Therefore, fully aware of the Appellant's criminal history, the information contained in the pre-sentence investigative report, the applicable sentencing guidelines, the Appellant's statements at sentencing as well as the punitive, deterrent, rehabilitative, and protective purposes of sentencing, this Court weighed all factors accordingly, and for compelling reasons imposed an aggravated range sentence on Count II within the statutory maximum.

Trial Court Opinion, 6/22/20, at 9-12.

Consistent with the foregoing, Appellant is not entitled to relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/22/2020</u>