J-S27010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLIFFORD WAY | |
| Appellant | No. 2316 EDA 2021 |

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0708111-2006

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 27, 2022**

Appellant, Clifford Way, who is serving a sentence of imprisonment for stabbing and nearly killing his ex-girlfriend, appeals from an order denying his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. The lone argument in his brief is that trial counsel was ineffective for failing to file post-sentence motions challenging the discretionary aspects of his sentence. We affirm.

On June 2, 2006, Appellant had a verbal confrontation with the victim, an ex-girlfriend, which devolved into a physical altercation. Appellant pulled the victim into his vehicle, where he cut her neck with a knife, stabbed her in her left shoulder, and threatened to kill her. The victim persuaded Appellant to spare her life and take her to Temple University Hospital, where she informed the trauma room staff of her ordeal. The police arrested Appellant outside the hospital.

Following a non-jury trial, the court found Appellant guilty of aggravated assault, kidnapping, terroristic threats, simple assault, possession of an instrument of crime, unlawful restraint, reckless endangerment, and false imprisonment. On May 20, 2009, the court sentenced Appellant to ten to twenty years' imprisonment for both aggravated assault and kidnapping, to be served concurrently, and a consecutive aggregate term of fifteen years' probation for other charges. Appellant's sentence for aggravated assault and kidnapping were above the guidelines range. N.T., 5/20/09, at 5, 13 (guidelines range was seventy-two to ninety months plus or minus twelve months).

Appellant did not file a direct appeal, but on January 21, 2010, Appellant filed a PCRA petition requesting reinstatement of his direct appeal rights. On October 12, 2012, the court granted Appellant's petition and reinstated his appellate rights *nunc pro tunc*. On November 8, 2012, Appellant filed a notice of appeal. On May 9, 2014, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Way*, No. 3152 EDA 2012 (Pa. Super., May 9, 2014) (memorandum). We held, *inter alia*, that Appellant waived his challenge to the discretionary aspects of his sentence by failing to either raise this issue at sentencing or file post-sentence motions. *Id.* at 6-7. On October 23, 2014, our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant filed a timely *pro se* PCRA petition. The court appointed counsel for Appellant, who filed an amended petition alleging that trial counsel

was ineffective for failing to file a motion to dismiss under Pa.R.Crim.P. 600 or post-sentence motions challenging the discretionary aspects of sentence. On December 18, 2017, the PCRA court dismissed Appellant's petition without holding a hearing.

Appellant filed an appeal to this Court, which vacated the order of dismissal and remanded for further proceedings on Appellant's Rule 600 claim, including an evidentiary hearing. ***Commonwealth v. Way***, 239 EDA 2018 (Pa. Super., Feb. 28, 2019). Due to our remand on the Rule 600 issue, we held that it was unnecessary to examine Appellant's claim of ineffectiveness relating to his sentence. ***Id.*** at 8.

On February 24, 2020, the PCRA court again dismissed Appellant's petition. On March 6, 2020, Appellant appealed to this Court. On June 14, 2021, we vacated the order of dismissal and remanded this case. We observed that the PCRA court failed to hold a hearing in accordance with our decision on February 28, 2019, and we directed the PCRA court to hold an evidentiary hearing on remand.

On November 8, 2021, the PCRA court convened a hearing relating to Appellant's amended petition. Appellant stipulated, under oath, that he was abandoning his Rule 600 claim because it would have been unsuccessful. N.T., 11/8/21, at 4-8. Appellant continued to pursue his claim of ineffectiveness concerning his sentence, ***id.*** at 8, but the court denied this claim without taking evidence. ***Id.*** at 12. Appellant filed a timely appeal to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal: "Whether the court erred in not granting relief on the PCRA petition alleging [t]rial [c]ounsel was ineffective for failing to file a post sentence motion to reconsider the sentence?" Appellant's Brief at 7.

When reviewing the propriety of an order pertaining to PCRA relief,

> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018).

> A petitioner who alleges ineffective assistance

> will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In Pennsylvania, we have refined the *Strickland* performance and prejudice test into a three-part inquiry. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). Prejudice, in the context of ineffective assistance claims, requires proof of a reasonable probability that but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Kimball*, 724 A.2d 326, 331 (Pa. 1999). The petitioner's failure to satisfy any of the three prongs requires rejection of his ineffective assistance claim. *Commonwealth v. Ly*, 980 A.2d 61, 74 (Pa. 2009).

Appellant maintains that trial counsel was ineffective for failing to file post-sentence motions. The PCRA court properly rejected this claim.

The defendant has the option of filing post-sentence motions within ten days after imposition of sentence. Pa.R.Crim.P. 720(A)(1). Furthermore, "a trial court may exercise its discretion and permit a post-sentence motion to be filed *nunc pro tunc* within thirty days after the imposition of sentence." *Commonwealth v. Carrillo-Diaz*, 64 A.3d 722, 724, n. 1 (Pa. Super. 2013) (emphasis added).

An important distinction exists between ineffectiveness claims due to alleged failure to file post-sentence motions and ineffectiveness claims due to alleged failure to file a direct appeal. When counsel fails without justification to file a direct appeal, counsel is deemed *per se* ineffective; the petitioner need not prove that he suffered prejudice as a result of counsel's inaction. *Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999). The failure to file post-sentence motions, however, "does not fall within the limited ambit of

situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief." **Commonwealth v. Reaves**, 923 A.2d 1119, 1132 (Pa.2007). To obtain relief based upon the failure to file a post-sentence motion, a defendant must meet the traditional three-part **Pierce** test for establishing ineffective assistance of counsel (arguable merit, lack of reasonable excuse for inaction, prejudice). **Id.** at 1128-30.

Appellant contends that the court did not sufficiently state its reasons for imposing an above-guidelines sentence on the record, and therefore counsel should have raised this objection in post-sentence motions.[1] We disagree. The court explicitly stated its reasons for imposing an above-guidelines sentence and appropriately considered the factors in 42 Pa.C.S.A. § 9721(b) during the sentencing hearing. N.T. 5/20/09, 12-13. Thus, Appellant's objection to counsel's failure to file post-sentence motions lacks arguable merit.

---

[1] Some decisions from this Court hold that challenges to the discretionary aspects of sentencing are not cognizable under the PCRA. **See**, **e.g.**, **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007). In other cases, however, we have entertained challenges under the PCRA to discretionary aspects of sentencing claims embedded within claims of ineffective assistance of counsel. **See**, **e.g.**, **Commonwealth v. Jones**, 942 A.2d 903, 906-08 (Pa. Super. 2008). We leave for another day whether these decisions are inconsistent, and if so, the proper resolution of this inconsistency. Presently, we address Appellant's claim, as we find any potential inconsistency does not affect the outcome of this case, since we are affirming the PCRA court's denial of relief.

"Sentencing is a matter vested in the sound discretion of the trial court[,] and the lower court's judgment of sentence will not be disturbed by an appellate court absent an abuse of discretion." *Commonwealth v. Clever*, 576 A.2d 1108, 1110 (Pa. Super. 1990). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will." *Commonwealth v. Burkholder*, 719 A.2d 346, 350 (Pa. Super. 1998). "When reviewing sentencing matters," this Court "accord[s] the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Clever*, 576 A.2d at 1110.

"Where the court sentences outside of the guidelines, this Court shall vacate the sentence only where it finds the sentence imposed is unreasonable." *Commonwealth v. Akhmedov*, 216 A.3d 307, 329 (Pa. Super. 2019) (*en banc*); *see also* 42 Pa.C.S.A. § 9781(c)(3) (same). In determining whether a sentence is unreasonable, an appellate court must consider the following factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d)(1)-(4).

"[A] sentence may also be unreasonable if the appellate court finds that the sentence was imposed without express or implicit consideration . . . of the general standards" set forth in 42 Pa.C.S.A. § 9721(b), "*i.e.*, the protection of the public[,] the gravity of the offense in relation to the impact on the victim and the community[,] and the rehabilitative needs of the defendant." ***Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007). "[The] rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guideline[s] ranges, especially when the unreasonableness inquiry is conducted using the proper standard of review." ***Id.***

The sentencing court is required to indicate on the record that it "understood the suggested sentencing range." ***Commonwealth v. Mouzon***, 828 A.2d 1126, 1128 (Pa. Super. 2003). The court is permitted to deviate from the guidelines "so long as [it] also states [on the] record the factual basis and specific reasons which compelled [it] to deviate from the guideline[s] range." ***Id.*** "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report[,] thus properly considering and weighing all relevant factors." ***Akhmedov***, 216 A.3d at 329.

Here, the court ordered a presentence report at the conclusion of trial. N.T., 3/11/09 at 66. During sentencing, the court acknowledged the guidelines ranges and stated that it was deviating from those ranges for Appellant's aggravated assault and kidnapping convictions. N.T. 5/20/09, at 5, 13. The court provided specific reasons that warranted deviation from the guidelines range, including the fact that Appellant used a knife during the assault and "cut [the victim] about the neck." *Id.* at 12. The victim required treatment at the hospital and was fortunate to survive multiple stabbings and slashing of her neck. Because of the nature of the offenses, the court concluded "the guidelines . . . [were] insufficient to punish the crime that was committed." *Id.* at 13. The court heard the prosecution's argument about defendant's repeated assaults on the victim in the past. *Id.* at 6. It also took into account Appellant's prior record, which included fourteen arrests, eight prior convictions, and a federal criminal case. *Id.* at 10. Turning to the gravity of the offense, the court viewed photographs depicting the victim's injuries and emphasized that Appellant assaulted the victim with a knife, clearly a deadly weapon and used, in the circumstances of this case, with potentially deadly force. *Id.* at 12. The court explicitly considered the factors in 42 Pa.C.S.A. § 9721(b) during sentencing. *Id.* at 12 (court's statement that it was sentencing Appellant "for [the] protection of the public, for punishment, and for rehabilitation").

Appellant contends that the court was required to impose a sentence within the standard guidelines range because he committed only "a standard aggravated assault" and "less than [a] standard kidnapping." Appellant's Brief at 14. We reject Appellant's attempt to downplay the serious nature of his crimes. He committed a particularly heinous aggravated assault by repeatedly stabbed his ex-girlfriend and slitting her throat, leaving "a severe laceration on the left side of her neck." N.T. 3/11/09, at 12 (joint trial stipulation as to victim's injuries). The kidnapping was equally egregious. Appellant pulled his ex-girlfriend into his van and brandished a knife at her while she was attempting "to explain their break-up" to him. N.T. 5/20/09, at 6. The fact that the victim fortunately survived Appellant's attack is not a mitigating factor, because he clearly intended to cause her serious bodily harm during the kidnapping.

Appellant also insists that the court abused its discretion by relying on photos of the victim's wounds to impose an above-guidelines sentence. We see nothing wrong with the sentencing court's reference to photographs in the record since they demonstrated the gravity of the offense. *See Commonwealth v. Penrod*, 578 A.2d 486, 491-92 (Pa. Super. 1990) ("the Commonwealth may properly present . . . evidence such as photographs at sentencing on the relevant sentencing issue of the gravity of the offense as it relates to the impact on the life of the victim and on the community") (quoting 42 Pa.C.S. § 9721(b)). The court was also entitled to consider the victim's

serious injuries as a reason for imposing an above-guidelines sentence. *Cf.*

*Commonwealth v. Lekka*, 210 A.3d 343, 353 (Pa. Super. 2019) (argument

challenging a sentencing court's "overemphasi[s]" of certain facts "is beyond

the scope of review of an appellate court reviewing a sentencing decision").

In short, the sentencing court (1) acknowledged the guidelines range,

(2) explained it was deviating from the guidelines range, (3) provided specific

reasons that caused it to deviate from the guidelines range, (4) ordered a pre-

sentence report, and (5) explicitly considered all factors required under

sentencing law. For these reasons, Appellant's claim of ineffective assistance

lacks arguable merit. As a result, we need not examine the other *Pierce*

prongs of reasonable basis for inaction and prejudice. *Ly*, 980 A.2d at 74.

For these reasons, we affirm the order denying PCRA relief to Appellant.

Order affirmed.


Judgment Entered.


Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/2022

- 11 -